IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE EARL JONES III,

Plaintiff,

v.

S. MAXIM, et al.,

Defendant.

No.  2:25-cv-2894-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if, as appears to be the situation here, the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) S. Maxim, chaplain at Mule Creek State Prison (MCSP), (2) Luis Garinica, warden at MCSP, and (3) A. Delgado, reviewing authority with the Office of Appeals. See ECF No. 1, pgs. 1-2. Plaintiff presents three claims for relief.

In his first claim, which Plaintiff says arises under the First Amendment, Plaintiff describes multiple meal request forms that were denied where he requested Jewish kosher meals. See id. at 3. Plaintiff also alleges Defendant Maxim, who is the prison chaplain, denied him his First Amendment right of freedom to exercise his religion. See id. Plaintiff claims to have received kosher meals in the past at a different prison. See id. According to Plaintiff, Defendant Maxim does not consider Plaintiff to be Jewish because Plaintiff is African American. See id.

In Plaintiff's second claim, which Plaintiff characterizes as arising under the Eighth Amendment, Plaintiff describes sending a CDCR Form GA-22 Inmate Request for Interview with an attached form for religious meat alternative or religious kosher diet request, which Defendant Maxim denied. See id. at 4. Plaintiff alleges that Defendant Garinica, who is prison warden, forced him to eat food that is unholy for Jewish people and has gone days without eating, violating his Eighth Amendment right to be free from cruel and unusual punishment. See

2

id. Plaintiff asserts that this lack of approval of the form is because he is an African American Jewish man. See id.

In Plaintiff's third claim, which he characterizes as arising under the Fourteenth Amendment, Plaintiff alleges that he provided all proper evidence and documents to be granted a kosher diet to the Office of Appeals. See id. at 5. Plaintiff cites his previous kosher diet while at Old Folsom State Prison and his present denial is "simply retaliation." Id. Plaintiff specifically claims Defendants Delegado and Maxim retaliated against Plaintiff because he is "African American and not from the Holy Land," violating his Fourteenth Amendment equal protection rights. Id.

## II. DISCUSSION

The Court finds that Plaintiff's first claim for denial of a kosher diet is cognizable against Defendant Maxim, the prison chaplain.  The Court also finds that Plaintiff's third claims states a plausible claim for relief against Defendants Delgado and Maxim to the extent Plaintiff alleges these defendants denied him equal protection because he is an African-American Jew. Plaintiff's remaining claims based on cruel and unusual punishment and retaliation arising from denial of kosher meals are defective for the reasons discussed below.

### A.    Cruel and Unusual Punishment Claim

"The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993); see also Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1259-60 (9th Cir. 2016) (concluding that county's nutrition policy for pregnant prisoners did not violate the Eighth Amendment); Foster v. Runnels, 554 F.3d 807, 812-13, 813 n.2 (9th Cir. 2009); Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000); Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). "The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." LeMaire, 12 F.3d at 1456 (citation and internal quotation marks omitted); see also Foster, 554 F.3d at 813 n.2.

3

Here, Plaintiff alleges that Defendant Garinica provided food. Plaintiff claims the food provided was unholy but does not assert that the food was inadequate to maintain Plaintiff's health. Plaintiff has not provided enough factual detail about the situation to establish an Eighth Amendment claim based on denial of meals.  The undersigned, therefore, will provide Plaintiff the opportunity to amend this claim in an amended complaint.

**B.      Retaliation Claim**

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities and as well as a right of meaningful access to the courts." Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015); see also Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) ("The most fundamental of the constitutional protections that prisoners retain are the First Amendment rights to file prison grievances."); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) ("[P]risoners have a First Amendment right to file prison grievances."); Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). "Retaliation against prisoners for their exercise of this right is itself a constitutional violation and prohibited as a matter of 'clearly established law.'" Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 567 and Pratt v. Rowland, 65 F.3d 802, 806 & n.4 (9th Cir. 1995)); see also Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) (recognizing that "a corrections officer may not retaliate against a prisoner for exercising his First Amendment right to report staff misconduct").

There are five basic elements for a viable claim of First Amendment retaliation in the prison context: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Brodheim, 584 F.3d at 1269 (quoting Rhodes, 408 F.3d at 567–68). See also Shepard, 840 F.3d at 688 (determining that fact issues remained as to whether officer retaliated against inmate); Jones, 791 F.3d at 1035–36 (concluding that Jones made a showing in support of his retaliation claim sufficient to overcome summary judgment); Wood v. Yordy, 753 F.3d 899, 904–05 (9th Cir. 2014) (holding inmate failed to establish prison officials retaliated against him).

///

Plaintiff alleges the prison's denial of his kosher meal, after having a kosher diet in a different prison, constitutes retaliation. Withholding kosher meals is an adverse action, so the first element for a viable prisoner First Amendment retaliation claim is met.  However, Plaintiff does not satisfy any other elements.  Plaintiff does not allege that this adverse action is because of Plaintiff's protected conduct.  Plaintiff fails to specify the adverse action that chilled Plaintiff's First Amendment rights.  Lastly, Plaintiff fails to address whether there would or would not be a legitimate correctional goal.  Plaintiff will be provided an opportunity to amend this pleading.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

5

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file an amended complaint within 30 days of the date of service of this order.

Dated:  January 30, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE