**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIMMIE EARL JONES, III, | No. 2:25-cv-2894-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| S. MAXIM, et al., | and |
| Defendants. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On January 30, 2026, the Court issued an order addressing Plaintiff's original complaint.  See ECF No. 11.  The Court summarized Plaintiff's allegations as follows:

> Plaintiff names the following as defendants: (1) S. Maxim, chaplain at Mule Creek State Prison (MCSP), (2) Luis Garinica, warden at MCSP, and (3) A. Delgado, reviewing authority with the Office of Appeals. See ECF No. 1, pgs. 1-2.  Plaintiff presents three claims for relief.
>
> In his first claim, which Plaintiff says arises under the First Amendment, Plaintiff describes multiple meal request forms that were denied where he requested Jewish kosher meals. See id. at 3. Plaintiff also alleges Defendant Maxim, who is the prison chaplain, denied him his First Amendment right of freedom to exercise his religion. See id. Plaintiff claims to have received kosher meals in the past at a different prison. See id.  According to Plaintiff, Defendant Maxim does not consider Plaintiff to be Jewish because Plaintiff is African American. See id.
>
> In Plaintiff's second claim, which Plaintiff characterizes as arising under the Eighth Amendment, Plaintiff describes sending a CDCR Form GA-22 Inmate Request for Interview with an attached form for religious meat alternative or religious kosher diet request, which Defendant Maxim denied. See id. at 4. Plaintiff alleges that Defendant Garinica, who is prison warden, forced him to eat food that is unholy for Jewish people and has gone days without eating, violating his Eighth Amendment right to be free from cruel and unusual punishment. See id. Plaintiff asserts that this lack of approval of the form is because he is an African American Jewish man. See id.
>
> In Plaintiff's third claim, which he characterizes as arising under the Fourteenth Amendment, Plaintiff alleges that he provided all proper evidence and documents to be granted a kosher diet to the Office of Appeals. See id. at 5. Plaintiff cites his previous kosher diet while at Old Folsom State Prison and his present denial is "simply retaliation." Id. Plaintiff specifically claims Defendants Delegado and Maxim retaliated against Plaintiff because he is "African American and not from the Holy Land," violating his Fourteenth Amendment equal protection rights. Id.

ECF No. 11, pgs. 2-3.

/ / /

/ / /

/ / /

The Court concluded that Plaintiff's first claim for relief based on denial of a kosher diet is cognizable as against Defendant Maxim, the prison chaplain. See id. at 3. The Court also determined that Plaintiff's third claim states a cognizable claim against Defendants Delgado and Maxim to the extent Plaintiff alleges these defendants denied him equal protection because he is an African-American Jew. See id. The Court otherwise found that Plaintiff's complaint failed to state a cognizable claim for cruel and unusual punishment and relation. See id. at 3-5. Specifically, the Court determined that Plaintiff's claim against Defendant Garinica based on denial of meals was not cognizable as currently pleaded. See id. at 3-4. The Court also determined that Plaintiff's retaliation claim was not cognizable as currently pleaded. See id. at 4-5.

Plaintiff was provided an opportunity to file an amended complaint and cautioned that, if no amended complaint was filed within 30 days of the date of the Court's order, the Court will issue findings and recommendations for dismissal of the defective claims and a service order for the cognizable claims against Defendants Delgado and Maxim. See id. at 5-6. To date, more than 30 days have passed and Plaintiff has not filed a first amended complaint. Accordingly, the Court now recommends dismissal of Plaintiff's Eighth Amendment claim against Defendant Garinica based on denial of meals and Plaintiff's retaliation claim against all defendants. By separate order the Court will direct service on Defendants Maxim and Delgado as to Plaintiff's claims based on denial of a kosher diet and denial of equal protection, as outlined in the Court's prior order.

Based on the foregoing, the undersigned orders and recommends as follows:

1.      It is ORDERED that the Clerk of the Court randomly assign a District Judge to this case.

2.      It is RECOMMENDED that Plaintiff's retaliation claim be dismissed for failure to state a claim.

3.      It is RECOMMENDED that Plaintiff's Eighth Amendment claim based on denial of meals be dismissed for failure to state a claim.

/ / /

3

4.      It is RECOMMENDED that Defendant Garinica be dismissed.

5.      It is RECOMMENDED that this action proceed on Plaintiff's original complaint as to the following claims and defendants: (a) Plaintiff's claim based on denial of kosher meals as against Defendant Maxim; and (b) Plaintiff's equal protection claim against Defendants Delgado and Maxim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**Dated:  April 9, 2026**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE